IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01691-CBS

JAN B. HAMILTON,

    Applicant,

v.

DON BIRD, Pitkin County Jail, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AN AMENDED APPLICATION

Applicant, Jan B. Hamilton, is detained in the Park County Detention Facility, in Fairplay, Colorado. She has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 2), and has paid the $5.00 filing fee.

In the § 2254 Application, Applicant challenges the following misdemeanor convictions entered in the Pitkin County Court on March 16, 2015: (1) harassment (strike/shove/kick) and false reporting in Case No. 2014M30 (ECF No. 2, at 24); (2) false reporting in Case No. 2014M92 (*Id.* at 25); and, harassment, violation of bond conditions, and violation of a protective order, in Case No. 2014M143 (*Id.* at 2). Ms. Hamilton was sentenced to serve at least six months in jail for her offenses. (*Id.* at 24).

The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court has reviewed the § 2254 Application and finds that it is deficient, for the reasons discussed below.

Accordingly, Ms. Hamilton will be directed to file an Amended Application if she wishes to proceed in this action.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In addition, Rule 4(c) of the Rules Governing Section § 2254 Cases in the United States District Courts requires that an application "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground."

In claim one of the Application, Ms. Hamilton asserts that investigating officers conspired with the District Attorney to prosecute her because of her sexual orientation, thereby committing attempted second degree murder and menacing. (ECF No. 2, at 5). However, this allegation is vague and does not state facts to show that her misdemeanor convictions are invalid under the Constitution. If Applicant is attempting to assert a claim of selective prosecution, or that the evidence was insufficient to support her convictions, then she should affirmatively make such allegations in the Amended Application. Applicant is also reminded that she is required to exhaust any constitutional claims in the state courts before seeking federal habeas corpus relief. 28 U.S.C.

§ 2254(b); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  It is not clear from Applicant's allegations in the § 2254 Application whether she has exhausted available state court remedies.

Furthermore, in claims two and three, Ms. Hamilton asserts that she is entitled to monetary relief for various financial losses that she has suffered as a result of the defamatory statements of certain individuals.  Applicant is reminded that monetary relief is not available in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."); *Nelson v. Campbell*, 541 U.S. 637, 647 (2004) (recognizing that "damages are not an available habeas remedy.").  If Ms. Hamilton intends to pursue an action under 28 U.S.C. § 2254, she must assert the appropriate relief (release from jail) in her Amended Application.  Accordingly, it is

ORDERED that Applicant file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, on the court-approved form, that complies with the requirements of Rule 8 of the Federal Rules of Civil Procedure and the directives in this Order.  It is

FURTHER ORDERED that the Clerk of the Court shall mail to Applicant a copy of the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form.  It is

FURTHER ORDERED that if Applicant fails within the time allowed to file an Amended Application as directed, the action will be dismissed without prejudice and without further notice.

DATED August 13, 2015, at Denver, Colorado.

          BY THE COURT:

          *s/Craig B. Shaffer*
          United States Magistrate Judge