IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01691-GPG

JAN B. HAMILTON,

    Applicant,

v.

DON BIRD, Pitkin County Jail,
D. MULDOON, Capt., Fairplay, CO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Jan B. Hamilton, is detained in the Pitkin County Detention Center in Aspen, Colorado. She initiated this action on August 6, 2015, by filing, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 2). Ms. Hamilton has paid the $5.00 filing fee.

The Court construes Ms. Hamilton's filings liberally because she is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

### I. Procedural Background

On August 13, 2015, Magistrate Judge Gordon P. Gallagher reviewed the § 2254 Application and determined that it was deficient because it failed to comply with the pleading requirements of Fed.R.Civ.P. 8 and requested monetary relief, which is not available in a habeas corpus proceeding. (ECF No. 4). Magistrate Judge Gallagher

ordered Ms. Hamilton to file an Amended Application, on the court-approved form, within 30 days. (*Id.*). The Clerk of the Court mailed to Plaintiff a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 the same day. (ECF No. 5).

On August 19, 2015, Ms. Hamilton filed a non-conforming "Petition under 28 U.S.C. § 2254 for Writ of Custody of Habeas Corpus by a Person in State Custody"," in which she stated that she is challenging her state court criminal convictions in Pitkin County Case Nos. 10CR76 and 11CR38. (ECF No. 7).

On August 20, 2015, the Court ordered Applicant to show cause, in writing, within 30 days, why the Petition should not be dismissed for failure to exhaust state court remedies, based on Ms. Hamilton's allegations that is currently seeking state appellate or post-conviction relief challenging the validity of the March 15, 2015 jail sentences imposed in Pitkin County Court Case Nos. 10CR76 and 11CR38 after her probation was revoked. (ECF No. 9 at 2).

On August 31, 2015, Applicant filed a "Petition to Show Cause in Two Cases (14M143 and 10CR76)" (ECF No. 13). The Court construes the Petition liberally as Ms. Hamilton's response to the August 20 Order to Show Cause. Ms. Hamilton clarifies in the Response the state court convictions that she is challenging in each of her five pending habeas cases:

    15-cv-1691-GPG: Case 14M143
    15-cv-1791-GPG: Case 10CR76
    15-cv-01792-GPG: Case 11CR30
    15-cv-01879-GPG: Case 14M30
    15-cv-01882-GPG: Case 14M92

Given the clarification, Magistrate Judge Gallagher issued an Order on September 1, 2015 (ECF No. 14), directing Ms. Hamilton to file a Second Amended Application, on

the court-approved form, which addresses the validity of her conviction in Pitkin County Case No. 14M143. Magistrate Judge Gallagher further instructed Ms. Hamilton to indicate whether she has exhausted available state court remedies in Case No. 14M143, and attach any pertinent state court decisions. (*Id.*). Applicant was also ordered to comply with the pleading requirements of Fed.R.Civ.P. 8, as discussed in the August 13 Order (ECF No. 4). (*Id.*). Finally, Magistrate Judge Gallagher directed the clerk of court to mail to Ms. Hamilton a copy of the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (*Id.*).

On September 14, 2015, Ms. Hamilton notified the court that she had been transferred from the Park County jail, in Fairplay, Colorado, to the Pitkin County Detention Center, in Aspen, Colorado. (ECF No. 15). Magistrate Judge Gallagher thereafter issued a Minute Order on September 16, 2015, directing the clerk of the court to resend to Applicant a copy of the September 1 Order, as well as a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 18). Magistrate Judge Gallagher ordered Applicant to file the Second Amended Application within 30 days of the September 16 Order.

Ms. Hamilton filed a [Second Amended] § 2254 Application, on the court-approved form, on October 6, 2015. (ECF No. 20).

## II. Analysis of the Second Amended Application

### A.  Fed. R. Civ. P. 8

Ms. Hamilton was warned in the August 13 and September 1 Orders that her amended § 2254 Applications must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (*See* ECF Nos. 4, 14).

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. See Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In addition, Rule 4(c) of the Rules Governing Section § 2254 Cases in the United States District Courts requires that an application "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground."

Ms. Hamilton's [Second Amended] Application is sometimes unintelligible and otherwise fails to set forth facts supporting a claim for relief that is actionable in a habeas corpus proceeding. Applicant does not specify what crime(s) she was convicted of in Pitkin County Court Case 14M143, but she asserts the following claims: (1) "Murder 18-2-101, C.R.S."; (2) "violations of 18 U.S.C. 249, C.R.S. 18-9-121"; and, (3) 42 U.S.C. § 1983 violations. (ECF No. 20, at 5-6).

Federal habeas corpus relief is appropriate under 28 U.S.C. § 2254 only if the Applicant show that she "is in custody in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2254(a). In claims one and two, Ms. Hamilton asserts that various persons violated state and federal criminal laws, but she does not allege any facts to show that her state court conviction is invalid under federal law. Furthermore,

claim three asserts a civil rights violation that is not cognizable in a habeas corpus action. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (holding that conditions-of-confinement claims must be brought in 42 U.S.C. § 1983 civil rights complaint rather than in a habeas petition). *See also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

The Court finds that the [Second Amended] Application fails to comply with Fed. R. Civ. P. 8. A dismissal under Rule 8 is without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n. 3 (10th Cir. 2007).

In addition, Ms. Hamilton's factual allegations suggest that she has not yet exhausted her state court remedies. Applicant alleges that she filed an appeal of her county court conviction with the state district court on July 24, 2015. (ECF No. 20 at 11). However, she does not state facts, or provide documentation, to show that the district court has ruled on her appeal. Ms. Hamilton is reminded that she is required to exhaust any constitutional claims in the state courts before seeking federal habeas corpus relief. 28 U.S.C. § 2254(b); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Accordingly, it is

ORDERED that the [Second Amended] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 20) and this action are DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for Ms. Hamilton's failure to comply with the pleading requirements of Fed. R. Civ. P. 8. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Ms. Hamilton has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Ms. Hamilton files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED October 9, 2015, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court