IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01691-LTB

JAN B. HAMILTON,

    Applicant,

v.

DON BIRD, Pitkin County Jail,
D. MULDOON, Capt., Fairplay, CO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the "Motion to Reconsider Denial of Court Appointed Atty and Dismissal of Habeas Corpus Plea" (ECF No. 31), filed *pro se* by Applicant, Jan Hamilton, on November 2, 2015.  The Court must construe the document liberally because Ms. Hamilton is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within 28 days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  A motion to reconsider filed more than 28 days after the final judgment in an action should be considered pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should

be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).   The Motion to Reconsider was filed 24 days after a final judgment dismissing this action was entered on October 9, 2015.   Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e).

**I. Procedural Background**

Ms. Hamilton initiated this action on August 7, 2015, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 2).   On August 13, 2015, Magistrate Judge Craig B. Shaffer reviewed the § 2254 Application and determined that it was deficient because it failed to comply with the pleading requirements of Fed.R.Civ.P. 8 and requested monetary relief, which is not available in a habeas corpus proceeding. (ECF No. 4).   Magistrate Judge Shaffer ordered Ms. Hamilton to file an Amended Application, on the court-approved form, within 30 days.   (*Id.*). The Clerk of the Court mailed to Plaintiff a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 the same day.   (ECF No. 5).

On August 19, 2015, Ms. Hamilton filed a non-conforming "Petition under 28 U.S.C. § 2254 for Writ of Custody of Habeas Corpus by a Person in State Custody"," in which she stated that she is challenging her state court criminal convictions in Pitkin County Case Nos. 10CR76 and 11CR38.   (ECF No. 7).

On August 20, 2015, the Court ordered Applicant to show cause, in writing, within 30 days, why the Petition should not be dismissed for failure to exhaust state court remedies, based on Ms. Hamilton's allegations that is currently seeking state appellate or post-conviction relief challenging the validity of the March 15, 2015 jail sentences imposed in Pitkin County Court Case Nos. 10CR76 and 11CR38 after her probation was revoked. (ECF No. 9 at 2).

On August 31, 2015, Applicant filed a "Petition to Show Cause in Two Cases (14M143 and 10CR76)" (ECF No. 13). The Court construed the Petition liberally as Ms. Hamilton's response to the August 20 Order to Show Cause. Ms. Hamilton clarified in the Response that she was challenging Pitkin County Court Case No 14M143 in the instant action. Given the clarification, Magistrate Judge Gallagher issued an Order on September 1, 2015 (ECF No. 14), directing Ms. Hamilton to file a Second Amended Application, on the court-approved form, which addressed the validity of her conviction in Case No. 14M143. Magistrate Judge Gallagher further instructed Ms. Hamilton to indicate whether she has exhausted available state court remedies in Case No. 14M143, and attach any pertinent state court decisions. (*Id.*). Applicant was also ordered to comply with the pleading requirements of Fed.R.Civ.P. 8, as discussed in the August 13 Order. (*Id.*). Finally, Magistrate Judge Gallagher directed the clerk of court to mail to Ms. Hamilton a copy of the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (*Id.*).

On September 14, 2015, Ms. Hamilton notified the court that she had been transferred from the Park County jail, in Fairplay, Colorado, to the Pitkin County Detention Center, in Aspen, Colorado. (ECF No. 15). Magistrate Judge Gallagher thereafter issued a Minute Order on September 16, 2015,  directing the clerk of the court to resend to Applicant a copy of the September 1 Order, as well as a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 18). Magistrate Judge Gallagher ordered Applicant to file the Second Amended Application within 30 days of the September 16 Order.

Ms. Hamilton filed a Second Amended § 2254 Application, on the court-approved

form, on October 6, 2015. (ECF No. 20).

On October 9, 2015, the Court dismissed this action, without prejudice, because the Second Amended Application failed to comply with the pleading requirements of Fed. R. Civ. P. 8. (ECF No. 21). The Court further concluded that the claims Ms. Hamilton asserted did not tend to show that she was "is in custody in violation of the Constitution or the laws of the United States," as required by 28 U.S.C. § 2254(a). (*Id.*). Judgment entered the same day. (ECF No. 22).

## II.  Standard of Review

A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific grounds for reconsideration under Fed. R. Civ. P. 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Servants of Paraclete*, 204 F.3d at 1012.

## III.  Analysis

In the Motion to Reconsider, Ms. Hamilton states that she has not received all of her legal mail at the Pitkin County Jail and that she was notified of the dismissal of this action via an October 24, 2015 Minute Order that denied her request for the appointment of counsel as moot because this case was dismissed on October 9, 2015. (ECF No. 24). Applicant argues that the dismissal was in error because the state court lacked jurisdiction to convict her in 14M143. (ECF No. 31 at 4). However, Applicant's

contention that the state court lacked jurisdiction is not remediable under § 2254. *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (reaffirming that "federal habeas corpus relief does not lie for errors of state law") (internal quotation marks and citations omitted); *Dowdy v. Jones*, No. 06-6218, 196 F. App'x 785, 787 (10th Cir. Oct. 12, 2006) (unpublished) (claim that state court lacked jurisdiction to try the petitioner is a state law question that is not cognizable under § 2254).

Upon consideration of the motion and the entire file, the Court finds that Ms. Hamilton has not demonstrated some reason why the Court should reconsider and vacate the order to dismiss this action. The Fed. R. Civ. P. 59(e) motion does not alter the Court's conclusion that this action properly was dismissed. Furthermore, the order denying the appointment of counsel was not erroneous given that Ms. Hamilton's pleading failed to comply with Fed. R. Civ. P. 8 and did not state a claim cognizable under § 2254. Accordingly, it is

ORDERED that the "Motion to Reconsider Denial of Court Appointed Atty and Dismissal of Habeas Corpus Plea" (ECF No. 31), filed *pro se* by Jan Hamilton on November 2, 2015, which the Court has treated as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is DENIED. It is

FURTHER ORDERED that the Clerk of the Court shall resend to Applicant, at the Pitkin County Jail, copies of the October 9, 2015 Order of Dismissal and Judgment (ECF Nos. 21, 22).

DATED November 4, 2015, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court